A. Clifford Edwards
John W. Edwards
Jackie S. Shields
EDWARDS, FRICKLE & CULVER
1648 Poly Drive, Suite 206
Billings, MT 59102
Telephone:  (406) 256-8155
Facsimile: (406) 256-8159
Email: carol.flanagan@edwardslawfirm.org
Email: john.edwards@edwardslawfirm.org
Email: jackie@edwardslawfirm.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| GARY P. WHITNEY, deceased, by and through his personal representative, SANDRA LEE WHITNEY, and SANDRA LEE WHITNEY, personal representative, on behalf of the heirs of GARY P. WHITNEY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |

COMES NOW Sandra Lee Whitney, as Personal Representative on behalf of

the Estate of Gary Parker Whitney, deceased, by and through her attorneys, Beale,

Micheaels, Slack & Shughart, P.C., and Edwards, Frickle & Culver, for causes of

action against Defendant the United States of America for the acts and/or omissions of its agents/employees the Flathead Community Health Center, Inc. and/or its employee/agent, Dr. John Tremper, and/or ostensible agent healthcare providers, in Kalispell, Montana; and herein alleges, based on information and belief:

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. This action is hereby made pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., 1346(b), and 42 U.S.C § 233 against The United States of America for the acts and/or omissions of its agents and/or employees Flathead Community Health Center, Inc. and/or its employee/agent, Dr. John Tremper, and/or ostensible agent healthcare providers in Kalispell, Montana, which vest exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Missoula Division District of Montana pursuant to 28 U.S.C. §§ 1402 (b) in that all, or substantial part of the acts and omissions forming the basis for these claims occurred in Kalispell, Montana, Flathead County, in the Missoula Division, District of Montana.  Further, venue is proper under 1391 (b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391 (e)(1), because the United States is the Defendant and the acts and/or omissions occurred at Flathead Community Health Center, Inc. by and through its employee/agent, Dr.

John Tremper, and/or ostensible agent healthcare providers within the Missoula Division of the District of Montana.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by providing Notice of Claim to the Department of Health & Human Services on March 18, 2015. Attached Exhibit "A".

4. Further, Plaintiff did not receive formal notice of denial from the Department as of September 18, 2015, six (6) months after service of the Notice of Claim upon the Department. Therefore, in accordance with 28 U.S.C. § 2401 Plaintiffs hereby timely file this suit within six (6) months of the formal denial or non-response by the Department.

## FACTUAL BACKGROUND

5. On March 28, 2011, Gary Parker Whitney, a 60-year-old man, saw his family physician, John Tremper, M.D., who plaintiff believes was at all times material an employee physician of Flathead Community Health Center, for complaints of blood in his urine. Gary was also complaining of a burning sensation in the area of his left kidney. Dr. Tremper's assessment was "hematuria, gross" and he felt the bleeding was related to a kidney stone. Gary did not undergo a urine cytology test and was not referred to a urologist.

6. On November 17, 2011, Gary followed up with Dr. Tremper with blood in his urine. Dr. Tremper's assessment was "hematuria, gross." An

ultrasound was recommended and performed, which ultrasound revealed mild left-sided pelvicaliectasis of uncertain etiology. Gary, again, did not undergo a urine cytology test and was not referred to a urologist.

7. On February 9, 2012, March, 8, 2012, June 4, 2012, June 25, 2012, July 12, 2012 and August 23, 2012, Gary followed up with Dr. Tremper.

8. On October 29, 2012, Gary saw Dr. Tremper again with complaints of blood in his urine that would come and go. The assessment was "hematuria, gross." Gary, again, did not undergo a urine cytology test and was not referred to a urologist.

9. On December 26, 2012, and January 16, 2013, Gary followed up with Dr. Tremper for depression and irritability. His blood pressure was noted to be in good control.

10. On March 20, 2013, Gary was complaining of blood in his urine and burning with urination. Urinalysis revealed blood in his urine.

11. On March 27, 2013, Gary saw Dr. Tremper for follow up for his gross hematuria that had cleared. Dr. Tremper finally recommended a urine cytology test for Gary.

12. On April 1, 2013, the urine cytology was done and was positive for high grade urothelial cell carcinoma.

13. On April 1, 2013, Dr. Tremper saw Gary at Shepherd's Hand Free Clinic and noted, "Patient has persistent hematuria without pain or dysuria - it has recently worsened. History of kidney stones but his hematuria is not episodic or related to pain." His impression was "hematuria – likely needs cystoscopy and referral to urology," exactly what Dr. Tremper should have done two years earlier.

14. On May 20, 2013, Gary saw urologist Jonathan Mercer, M.D. Dr. Mercer noted, "The blood in his urine has been notable and intermittent over the last two years." A cystoscopy was performed and revealed a large posterior bladder wall tumor.

15. On June 5, 2013, Gary was taken to the operating room for resection of a 7.5-8cm left lateral bladder wall tumor. The pathology was poorly differentiated urothelial cell carcinoma. A work-up revealed metastatic transitional cell carcinoma and chemotherapy was recommended. From June of 2013 through his death on August 18, 2014, Gary continued to require chemotherapy and multiple hospitalizations related to the treatment of his advanced, incurable carcinoma.

16. Plaintiffs have had the records of Gary Parker Whitney from the Flathead Community Health Center, Inc.'s office visits from March 28, 2011 through March 27, 2013 and the records from Jonathan Mercer, M.D. at Flathead

Urology, North Valley Hospital and Northwest Oncology and Hematology reviewed by a urological/oncological surgeon, E. David Crawford, M.D.

17. The results of Plaintiffs' review of the Flathead Community Health Center, Inc.'s records and consultation with the foregoing expert led to the undeniable conclusion that Gary Parker Whitney's untimely death on August 18, 2014 was the result of multiple standard of care violations on the part of Flathead Community Health Center employee physician Dr. Tremper, who was responsible for Gary's care from March 28, 2011 through March 27, 2013. The standard of care violations led to a **two-year delay** in diagnosis and treatment of very curable/treatable bladder cancer.

18. As a result of this negligence, Gary's bladder cancer was not diagnosed until April 2013, by which time it had progressed and worsened to advanced and incurable bladder cancer. Gary endured significant physical and emotional pain and suffering after April 2013 through his date of death on August 18, 2014. Gary died as a result of advanced, incurable bladder cancer and its complications on August 18, 2014.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

19. Plaintiffs re-allege paragraphs 1 through 18 of this complaint and adopt the same as paragraphs 1 through 18 of this first cause of action.

20. Flathead Community Health Center, Inc. and/or its employee/agent and/or ostensible agent healthcare providers owed Mr. Whitney a duty of care in providing patient Whitney with the applicable standard of medical care as a patient. Flathead Community Health Center, Inc. fell below the standard of care owed to Mr. Whitney by failing to provide the applicable standard of care to Mr. Whitney, causing him injury and death.

21. In March and April of 2011, Dr. Tremper fell below the standard of care and was negligent in failing to recognize that Gary Whitney's gross hematuria required a urine cytology and/or immediate referral to a urologist. From March 28, 2011 to March 27, 2013, a period of some two years, Dr. Tremper fell below the standard of care and was negligent in failing to insure that Gary underwent a urine cytology and was referred to a urologist.

22. As noted above, the urologist/oncologist surgeon Plaintiffs have retained, Dr. Crawford, will testify that had Dr. Tremper met the applicable standard of care, including performing a simple urine cytology on Gary and/or referring Gary to a urologist in 2011, Gary's bladder cancer would have been diagnosed at that time. Had Gary's bladder cancer been diagnosed in 2011, Gary's bladder cancer would have been successfully treated, because at that time Gary's bladder cancer was curable. As a result of the negligence of Dr. Tremper in failing to perform a urine cytology on Gary and/or refer Gary to a urologist for some two

years, by the time Gary's bladder cancer was diagnosed in 2013, his bladder cancer was advanced and no longer curable/treatable. Had Dr. Tremper and/or Flathead Community Health Center timely performed a simple urine cytology on Gary and/or timely referred Gary to a urologist in 2011, Gary's bladder cancer would have been timely diagnosed and successfully treated and Gary would not have died prematurely on August 18, 2014, nor would Gary have experienced the terrible suffering, pain and anguish that he endured after April 2013 (when he was diagnosed with advanced, incurable bladder cancer) to his death on August 18, 2014.

23. The wrongful acts and omissions of the Defendant are of such character and of such aggravation so as to entitle Plaintiffs to all damages to which they are entitled under Montana law, the Montana Constitution, and statutory law including, but not limited to, survivorship, and wrongful death.

## SECOND CAUSE OF ACTION

24. Plaintiffs re-allege paragraphs 1 through 23 of this complaint and adopt the same as paragraphs 1 through 23 of this second cause of action.

25. The heirs of Mr. Gary Whitney, on their own behalf, have been subjected, by the circumstances of the injuries and death of their husband and father, to serious and severe emotional distress. The acts and/or omissions of Defendant, as described above, constitute the commission of tort of negligent

infliction of emotional distress as that cause of action is now recognized under Montana law. The heirs of Mr. Gary Whitney have suffered and continue to suffer serious and severe emotional distress including, but not limited to shame, humiliation, degradation, embarrassment, anger, disappointment and worry, all of which have resulted in further damages and injuries to the heirs of Mr. Gary Whitney.

26.　As a result of the wrongful acts and/or omissions of the Defendant, as stated above, the heirs of Mr. Gary Whitney have suffered and continue to suffer severe emotional distress which was the reasonably foreseeable consequence of said wrongful acts and/or omissions for which Defendant is liable to the heirs of Mr. Gary Whitney for all damages available under Montana law.

### THIRD CAUSE OF ACTION

27.　Plaintiffs re-allege paragraphs 1 through 26 of this complaint and adopt the same as paragraphs 1 through 26 of this third cause of action.

28.　Plaintiffs, as a result of the wrongful acts and/or omissions of the Defendant, as stated above, have suffered and will continue to suffer loss of consortium as that claim is defined under Montana law, and are entitled to recover all damages available under Montana law from the Defendant.

**WHEREFORE**, Plaintiffs pray judgment against Defendant for all damages to which they are entitled under Montana law in such categories and in such

amounts as will be furnished to Defendant in accordance with applicable Montana law and/or the Federal Rules of Civil Procedure, or by amendment, or proof at trial. In addition, Plaintiffs are entitled to substantial damages because of the character of Defendant's wrongful acts and/or omissions. Plaintiffs leave the precise damages as are just and proper to Plaintiffs' trier of fact, as it judges all facts and circumstances presented.

DATED this 25th day of September, 2015.

                                              EDWARDS, FRICKLE & CULVER

                                By:  /s/ John W. Edwards
                                      A. Clifford Edwards
                                      John W. Edwards
                                      Jackie S. Shields
                                      *Attorneys for Plaintiffs*